**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.**

HUGH PLEMONS,
individually and
on behalf of all others similarly situated,          **CLASS ACTION**

         Plaintiff,                                  **JURY TRIAL DEMANDED**

v.

AUTOMATED COLLECTION SERVICES, INC.,

         Defendant.

_____/

**CLASS ACTION COMPLAINT**

Plaintiff Hugh Plemons brings this class action against Defendant Automated Collection Services, Inc. and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1.    This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.    In violation of the TCPA, Defendant engages in unsolicited robocalling.

3.    Through this action, Plaintiff seeks injunctive relief and statutory damages to put an end to Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff

1

and the Class members.

## PARTIES

4.      Plaintiff is a natural person and received all calls at issue in this matter when he was a resident of Polk, Florida.

5.      Defendant is, and at all times relevant hereto was, a Tennessee corporation with its principal place of business in Goodlettsville, Tenn.

## JURISDICTION AND VENUE

6.      This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

7.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed robocalls into Florida to persons like Plaintiff who received the calls while residing in Polk County, Florida and who has a Florida area code (863).

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

9.      Defendant engages in prerecorded voice messages without consent.

10.     Defendant harassed Plaintiff and members of the Class with prerecorded

2

robocalls.

11.     Defendant sent Plaintiff artificial and/or prerecorded voice messages to Plaintiff's cell phone on January 15, 2026, February 13, 2026, February 19, 2026 and March 26, 2026:





3

12.     Plaintiff was the regular user of the cellular telephone number (ending in 7464) that received the above telephonic prerecorded message calls when he received these voice messages.

13.     Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all robocalls sent.

14.     Plaintiff never provided Defendant with express consent authorizing Defendant to transmit prerecorded voice messages to Plaintiff's cellular telephone number.

15.     Defendant's prerecorded calls caused Plaintiff and the Class members harm, including liquidated actual damages, inconvenience, invasion of privacy, intrusion upon seclusion, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASS

16.     Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Classes that Plaintiff seeks to represent are defined as:

> **TCPA Robocall Class: All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received one or more prerecorded voice calls from Defendant on their cellular telephone line.**

4

17.     Defendant and its employees or agents are excluded from the Class.

## NUMEROSITY

18.     Upon information and belief, Defendant has placed prerecorded telephonic calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19.     Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

20.     There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Class are:

(a) Whether Defendant initiated prerecorded calls to Plaintiff and the Class members;

(b) Whether Defendant can meet its burden of showing that it had consent to make such calls;

(c) Whether Defendant is liable for damages, and the amount of such damages;

(d) Whether Defendant violated the TCPA;

21.     The common questions in this case are capable of having common answers. Plaintiff and the Class members have identical claims capable of being

5

efficiently adjudicated and administered in this case.

## TYPICALITY

22.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

23.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

24.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

25.    The prosecution of separate actions by members of the Class would

6

create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### VIOLATION OF 47 U.S.C. § 227(b)
(On Behalf of Plaintiff and the TCPA Robocall Class)

26.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

27.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

28.     Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

29.     Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

30.     Defendant has, therefore, violated § (b)(1)(A)(iii) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class.

31.     As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA,

Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages of at least $500 per call for Plaintiff and each member of the Classes as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demand a trial by jury.

DATED: May 7, 2026

Respectfully submitted,

**EISENBAND LAW, P.A.**
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 1301
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.732.2792

By: */s/Manuel S. Hiraldo*\*
**HIRALDO P.A.**
Manuel S. Hiraldo
Florida Bar No. 030380
264 Shore Court
Lauderdale-by-the-Sea, Florida 33308
mhiraldo@hiraldolaw.com
305.336.7466
***\*Lead Counsel***
*Attorneys for Plaintiff*

9